## Friedmann, Appellant, v. Hamilton

*Brokers—Commissions—Loans—Obtaining loans—Application—Revocation.*

In an action for commissions for obtaining a loan on real estate, the case is for the jury and a verdict for the defendant will be sustained, where the issue is one of fact as to the exact nature of the negotiations.

In such case a defense, that the application for the loan was delivered under the express stipulation that it depended upon the possible purchase of the real estate, is not an attempt to contradict by parole evidence the terms of a written instrument.

The question was for the jury as to whether or not the application for the loan had been cancelled by the defendant before the loan was obtained.

Argued October 9, 1925.   Appeal No. 110, April T., 1925, by plaintiff from judgment of C. P. No. 5, Philadelphia County, June T., 1922, No. 1149, in the case of Lionel Friedmann v. M. B. Hamilton.   Before Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ.   Affirmed.

Assumpsit for commissions for obtaining a loan. Before Martin, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant and judgment thereon.   Plaintiff appealed.

*Errors assigned* were various rulings on evidence, the charge of the Court and refusal of plaintiff's motion for judgment non obstante veredicto.

*Thomas C. Egan,* and with him *Wolf, Patterson, Block and Schorr,* for appellant.

*Daniel J. Shern,* and with him *Raymond V. John,* for appellee.

OPINION BY LINN, J., November 13, 1925:

This is a suit for commissions alleged to have been earned in obtaining a loan which was not accepted by defendant. On May 18, 1922, defendant, a real estate broker, applied to plaintiff, also a real estate broker, for a loan to be secured by mortgage on property known not to be owned by the defendant. On May 22d, plaintiff notified defendant that the loan had been procured and gave the name of the lender and the terms of the loan. At the trial, plaintiff offered evidence from which the jury could have found those facts.

The defense averred was that on May 18th defendant informed plaintiff that she represented a principal negotiating to purchase the property in question, who would desire a loan, if he made the purchase; that defendant then signed the "application for such a loan upon the express promise of the plaintiff that he would not use said application or do anything upon the faith of it until defendant notified plaintiff that her client had purchased the property;" that on May 19th the purchase failed, and she revoked the application. She offered evidence to support her averments.

The assignments of error and the brief complain of the admission of evidence and of the refusal to direct a verdict for plaintiff, and indicate some confusion as to the legal nature of the terms of the application signed by defendant. It was not irrevocable; it specified no time in which the loan must be obtained; and plaintiff did not bind himself to obtain the loan. Nevertheless, his theory was that he was suing on a written contract, and that when defendant produced evidence to show that the application was delivered on the faith of an oral stipulation that it should not be effective if defendant's principal failed to purchase the property, defendant was varying a written contract in violation of familiar principles. The record does not support that theory, nor does it call for a detailed discussion of plaintiff's argument on the subject.

If the jury had believed plaintiff's evidence that he obtained the loan on May 22d, pursuant to an application then still effective, he would have been entitled to hold a verdict so supported; on the other hand, as defendant has the verdict, supported by evidence that on the 19th of May, several days before the loan was obtained, she withdrew the application, it is clear that the conditions on which her liability for the commissions depended, never came into existence.

Judgment affirmed.